# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Lee Carson, | No. CV-20-00196-PHX-DWL (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

This is a *pro se* prisoner civil rights action. In March 2023, after all of Plaintiff's claims were rejected via screening or at summary judgment, the then-assigned district judge entered judgment. (Doc. 317.) Plaintiff then appealed. (Doc. 323.) In March 2025, the Ninth Circuit affirmed in significant part but concluded that "dismissal without leave to amend of Claims 1, 4, 6, and 7 was premature because it is not 'absolutely clear' that any deficiencies could not be cured by amendment." *Carson v. Ryan*, 2025 WL 893237, *1 (9th Cir. 2025). The Ninth Circuit also held that "[t]he district court erred in dismissing Carson's Free Exercise Clause and RLUIPA claims (Claims 8 and 10)." *Id.* at *2. "In sum, we affirm the district court's summary judgment with respect to Claim 5 and affirm the judgment dismissing Claim 9 as moot. As to the district court's screening dismissal, we affirm dismissal of Claims 2 and 3; vacate dismissal of Claims 1, 4, 6, and 7; reverse dismissal of Claims 8 and 10; and remand for further proceedings." *Id.*

Following remand, this case was referred to Magistrate Judge Bibles for all pretrial proceedings (Doc. 340), Plaintiff filed a Third Amended Complaint ("TAC") (Doc. 351),

and this case was reassigned to the undersigned judge (Doc. 387).

Following those developments, on December 1, 2025, Judge Bibles issued a detailed report and recommendation ("R&R") concluding that Counts 1, 4, 6, and 7 should again be dismissed. (Doc. 406.) Plaintiff then, after seeking and obtaining an extension (Docs. 411, 412), filed objections to the R&R. (Doc. 429.)

"Within fourteen days after being served with a copy [of the R&R], any party may serve and file written objections . . . as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3). "In providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. . . . [D]istrict courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citations and internal quotation marks omitted). *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection."). Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013); *Haley v. Stewart*, 2006 WL 1980649, *2

(D. Ariz. 2006).

The Court has carefully reviewed Judge Bibles's detailed R&R, as well as Plaintiff's objections, and concludes following de novo review that Plaintiff's objections should be overruled and the R&R should be adopted in full. The Court is particularly unpersuaded by Plaintiff's contention that Judge "Bibles should have recused herself from this matter due to her allegiance to recused Judge Rosyln O. Silver." (Doc. 429 at 1, cleaned up.) Plaintiff's attacks on Judge Bibles's integrity are unfounded and entirely inappropriate. Nor has Plaintiff established a valid basis for an extension of time to raise objections regarding Counts 4, 6, and 7, particularly given that Plaintiff was previously granted an extension to file objections. (Doc. 412 at 2 ["Plaintiff shall have until January 9, 2026, to file any objections to the Report and Recommendation at ECF No. 406. This deadline will not be further extended."].)

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's objections to the R&R (Doc. 429) are **overruled**.

2. The R&R (Doc. 406) is **adopted**.

3. Counts 1, 4, 6, and 7 of the Third Amended Complaint (Doc. 351) are **dismissed without leave to amend**.

4. Defendants Demery, Kranick, Maldonado, Ortiz, Parks, Sestiaga, Unknown Centurion VP of Operations, Unknown Corizon Health Agents, Unknown Centurion Health Agents, and NP Weigel are **dismissed** as defendants in this matter.

Dated this 30th day of January, 2026.

Dominic W. Lanza
United States District Judge